## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN LEONARD HAMILTON, | § | |
| (SPN #02067308) | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-06-3769 |
| | § | |
| HOUSTON POLICE | § | |
| DEPARTMENT, *et al.,* | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff, John Leonard Hamilton, an inmate at the Harris County Jail, sued in November, 2006. He alleges that when he was arrested on July 12, 2006, he was subjected to excessive force by the arresting officer, whose last name was Tidwell, and by the booking officer at the jail, whose last name was Isaac. Hamilton alleges that a preexisting shoulder condition was aggravated. Hamilton alleges that from July 2006 until he was transferred to Pam Lychner State Jail in December 2006, the Harris County Jail staff denied him adequate medical care by not permitting him to have surgery to repair his shoulder. Hamilton alleges that the problem has continued in subsequent incarceration in Florida and Texas. He alleges that he has suffered from pain in his right upper arm and has even more limited movement than before the July 2006 arrest.

Hamilton sued the Houston Police Department, Harris County Sheriff's Department, Officer Tidwell and his partner, the arresting officers, and Officer "aka Isaac from the Love

Boat," the booking officer at the jail.  Hamilton alleged excessive force when he was arrested

and booked and denial of medical care.  Officer Tidwell was served and filed a motion to

dismiss. (Docket Entry No. 26).  The Harris County Sheriff's Office has also filed a motion

to dismiss. (Docket Entry No. 30).

For the reasons explained below, these motions are granted.  However, because it is

clear that the wrong Officer Tidwell was served, the City of Houston is ORDERED to

provide information by **July 25, 2008** as to the full name and current or last known address

of Officer L.D. Tidwell, male, who worked as a Houston Police Officer on July 12, 2006, on

the 3 to 11 shift and who arrested Hamilton, and Officer G. Young, Officer Tidwell's partner.

Also by **July 25, 2008**, Harris County, Texas is ORDERED to provide the same information

as to the Officer Isaac who worked the same date and shift at the Harris County Jail and who

booked Hamilton.  Hamilton may proceed against these defendants in their individual

capacities for the alleged use of excessive force during Hamilton's arrest and booking.

The reasons for these rulings are set out below.

## I.    Background

Hamilton was arrested on July 12, 2006 between 3:00 p.m. and 4:00 p.m. for cocaine

delivery when he offered to sell cocaine to an undercover police officer.  Hamilton had an

existing condition affecting his right shoulder and arm.  Hamilton alleges that before the

arrest, he had "problems with prosthesis in arm need repair" and was taking pain medication.

(Docket Entry No. 18, Plaintiff's More Definite Statement, p. 8).  Hamilton alleges that when

he was arrested and booked, and handcuffed with his hands behind him, the prior condition

2

was aggravated.  Hamilton alleges that when his right arm was forced behind his back, first by the arresting officer and again by the booking officer, he "felt the popping and tearing sensation" in his shoulder joint and has been in constant pain since.  He identified the arresting officer as Officer Tidwell and the booking officer as "Isaac from the Love Boat." Hamilton alleges that during the arrest, he also suffered a bruised rib and a large abrasion on his face, and that both during the arrest and later booking, his arms were hyperextended behind his back during handcuffing.

Officer Tidwell took Hamilton to the hospital on the date of his arrest because of his arm condition.  At the hospital, Hamilton's wrist was x-rayed and he was released.  Hamilton alleges that Officer Tidwell prevented the doctors from examining him and instructed them to x-ray only the wrist, not the upper arm and shoulder.  Hamilton alleges that when he returned to the Harris County Jail, he received medical attention on a frequent basis, but it was limited to treating the pain from his arm and shoulder with Vicodin and Ibuprofen. Hamilton complains that he should have received surgery to repair his shoulder followed by therapy.

Hamilton was in the Harris County Jail for approximately six months.  He alleges that the surgery was refused because he would be in the Jail for such a short time, and instead he was treated with pain medications.  In December 2006, he was transferred to a Texas State Jail, then extradited to Florida and incarcerated there.  He alleges that he has not received surgery there because "other jurisdictions are not in a hurry to correct Houston neglect." (Docket Entry No. 18, Plaintiff's More Definite Statement, p. 9).

3

Officer Tidwell and the Harris County Sheriff's Office have moved to dismiss. (Docket Entry Nos. 26, 30).

## II.   Analysis

### A.   The Claims Against Administrative Departments

Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  The court is to dismiss any portion of the complaint that is frivolous, malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Section 1915A governs this suit by a prisoner against a prison official.

A complaint is frivolous if it lacks an arguable basis in law or fact.  *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)).  "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."  *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

Hamilton named the Houston Police Department and Harris County Sheriff's Department, as well as Officers Tidwell and "Isaac," as defendants.  Harris County has moved to dismiss on the basis that the Harris County Sheriff's Office cannot be sued.  Under

4

42 U.S.C. § 1983 any "person" who violates an individual's constitutional rights while acting under color of state law may be sued.  The capacity of an entity to sue or be sued "shall be determined by the law of the state in which the district court is held." FED. R. CIV. P. 17(b). In *Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991), the Fifth Circuit held that a plaintiff cannot sue individual municipal departments such as the Houston Police Department or the Harris County Sheriff's Office under the civil rights acts.  Both are administrative departments of Harris County, Texas and lack the capacity to sue or be sued.

To the extent Hamilton is suing the Houston Police Department or the Harris County Sheriff's Office, the motion to dismiss is granted. (Docket Entry No. 30).

### B.    The Claim for Denial of Medical Care

Hamilton's claim for constitutional violations resulting from the denial of surgery for his right arm and shoulder cannot proceed.  "[I]nadequate medical care by a prison doctor can result in a constitutional violation for purposes of a § 1983 claim when that conduct amounts to deliberate indifference to [the prisoner's] serious medical needs, constitut[ing] the unnecessary and wanton infliction of pain" that the Constitution forbids.  *Stewart v. Murphy,* 174 F.3d 530, 533 (5th Cir. 1999) (quoting *Estelle v. Gamble,* 429 U.S. 97 (1976)). Under the "deliberate indifference" standard, a prison official is not liable for the denial of medical treatment "unless the official knows of and disregards an excessive risk to inmate health or safety".  *Stewart*, 174 F.3d at 534 (citing *Estelle*, 429 U.S. at 104).  While malpractice and negligent treatment do not rise to the level of a constitutional tort, *see Mendoza v. Lynaugh,* 989 F.2d 191, 195 (5th Cir. 1993), a claim of "unnecessary and wanton

5

infliction of pain repugnant to the conscience of mankind," can state a claim of a constitutional tort. *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997) (citing *Estelle,* 429 U.S. at 105-106). A claim for unconstitutional deprivation of medical care requires showing that a prison official knew of and disregarded "an excessive risk to inmate health or safety." *Stewart v. Murphy,* 174 F.3d 530, 533 (5th Cir. 1999) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "For an official to act with deliberate indifference, 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Smith v. Brenoettsy*, 158 F.3d 908, 912 (5th Cir. 1998) (quoting *Farmer*, 511 U.S. at 837). "Under exceptional circumstances, a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of the substantial risk." *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994) (citing *Farmer,* 511 U.S. at 842 & n.8).

The facts Hamilton alleged do not meet this standard. Hamilton alleges that he was taken to the emergency room on the date of his arrest to have his arm checked. He was x-rayed and given pain medication. During his six months at the Harris County Jail, he received regular medical attention and prescription pain medications. Hamilton had a preexisting shoulder injury. Hamilton asserts that he should have received surgery to reconstruct and repair damage to his shoulder. He does not assert that it was an emergency or that the problem became worse. He does assert that the lack of surgery has resulted in persistent pain and even more limited motion than he had before the arrest. The HCJ doctors advised Hamilton that because he would only be at the HCJ for a relatively short period,

6

which turned out to be five and one-half months, there was not enough time to arrange for surgery.

Deliberate indifference is an extremely high standard.  Even an incorrect diagnosis by prison medical personnel does not state a claim for deliberate indifference.  *Domino v. Texas Department of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001) (citing *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985)).  Rather, the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."  *Johnson,* 759 F.2d at 1238. The decision whether to provide additional treatment, such as surgery, "is a classic example of a matter for medical judgment."  *Estelle,* 429 U.S. at 107.  Hamilton has shown that he thought he should have received the surgery during the five and one-half months he was at the HCJ, but the medical staff disagreed.  Such a disagreement is not a sufficient basis for a deliberate indifference finding, as a matter of law.

Hamilton's claim for wrongful denial of medical care is dismissed under 28 U.S.C. § 1915A(b)(1).

## C.     The Claim for Excessive Force During Arrest and Booking

Hamilton named Officer Tidwell, who was served.  That Officer Tidwell moves to dismiss on the ground that she is not the right person. (Docket Entry No. 26).  Hamilton identified a male officer.  The motion to dismiss filed by Officer Natalie Tidwell is granted. (Docket Entry No. 26).

7

No later than **July 25, 2008**, the City of Houston is ORDERED to provide information as to the full name and current or last known addresses of Officer L.D. Tidwell, male, and Officer G. Young, Officer Tidwell's partner, who worked as Houston Police Officers on July 12, 2006, on the 3 to 11 shift and who arrested Hamilton.   Both of these officers are mentioned in the police incident report number 107685806. (Docket Entry No. 26, Motion to Dismiss, Exhibit A, p. 4).   No later than **July 25, 2008**, Harris County is ORDERED to provide information as to the full name and current or last known address of Officer Isaac, who worked the same date and shift at the Harris County Jail and who booked Hamilton. Hamilton may proceed against these defendants in their individual capacities for the alleged use of excessive force during Hamilton's arrest and booking.

### III.      Conclusion

The motion to dismiss filed by Officer Tidwell, (Docket Entry No. 26), and the motion to dismiss filed by Harris County Sheriff's Office, (Docket Entry No. 30), are granted.   The claims against the Houston Police Department and the Harris County Sheriff's Office are dismissed.   The claims for denial of medical care are dismissed.   The excessive force claims against the arresting and booking officers are retained for further proceedings.   No later than July 25, 2008, the City of Houston is ORDERED to provide information as to the full name and current or last known addresses of Officer L.D. Tidwell, male, and Officer G. Young, Officer Tidwell's partner, who worked as Houston Police Officers on July 12, 2006, on the 3 to 11 shift and who arrested Hamilton.   Both of theses officers are mentioned in the police

8

incident report number 107685806. (Docket Entry No. 26, Motion to Dismiss, Exhibit A, p. 4).  No later than **July 25, 2008**, Harris County is ORDERED to provide information as to the full name and current or last known address of Officer Isaac, who worked the same date and shift at the Harris County Jail and who booked Hamilton.  If this information is unavailable, the City of Houston and/or Harris County must advise the court of this fact no later than **July 25, 2008.**

SIGNED on July 1, 2008, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge