**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| JOHN LEONARD HAMILTON, <br> (a/k/a JOHN LEE HAMILTON) <br> (TDCJ-ID #1647622) <br><br> Plaintiff, <br><br> vs. <br><br> HOUSTON POLICE <br> DEPARTMENT, *et al.,* <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § § CIVIL ACTION H-06-3769 <br> § <br> § <br> § <br> § <br> § |

**ORDER**

John Leonard Hamilton, a former inmate at the Harris County Jail, sued in August 2006, alleging that law enforcement officers used excessive force against him in 2006 when he was arrested and confined in the Harris County Jail. Hamilton, proceeding *pro se* and *in forma pauperis*, sued Officer Larry Tidwell and Gary Young, employees of the Houston Police Department ("HPD").

Following a three-day trial, the jury found that the officers did not violate Mr. Hamilton's civil rights. Final judgment was entered on October 8, 2012. (Docket Entry No. 149). Hamilton filed a *pro se* motion for new trial, (Docket Entry No. 152), and the defendants have responded. (Docket Entry No. 155).

Rule 59(e) governs when the reconsideration motion is filed within 28 days of the challenged order or when the motion seeks reconsideration of an interlocutory order. Hamilton moved for reconsideration 25 days after the final judgment. Rule 59(e) applies.

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.,* 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.,* 303 F.3d

571, 581 (5th Cir. 2002)). "[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir. 1990)). Relief is also appropriate when there has been an intervening change in the controlling law. *Schiller v. Physicians Res. Group Inc.,* 342 F.3d 563, 567 (5th Cir. 2003). The Fifth Circuit warns that altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet,* 367 F.3d at 479; *see also* 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed.1995). The Rule 59(e) standard "favor[s] denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.,* 2 F.3d 606, 611 (5th Cir. 1993) (summary calendar).

Hamilton argues that the court erred in limiting the scope of the voir dire of the jury panel. During voir dire on September 24, 2012, this court permitted counsel both parties to question the panel as a whole and allowed counsel both parties to individually question the panel members. This clam lacks merit.

Hamilton argues that the court erred in allowing Officer Gary Young's testimony as evidence. Hamilton himself called Officer Young as a witness in his case-in-chief. He also cross-examined Officer Young during the defendants' case-in-chief. And Young's testimony was not erroneously admitted.

Hamilton's motion for new trial, (Docket Entry No. 152), is denied.

SIGNED on November 27, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge